# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-31259
Summary Calendar

WILKERSON, TATE & WILLIAMS, LLC,

Plaintiff-Appellant,

versus

ANTHONY BOUZA,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(97-CV-3197-D)

November 18, 1998

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:[*]

Wilkerson, Tate & Williams, L.L.C. appeals the denial of its motion to remand and the dismissal of its action, contending that the district court erred in incorrectly determining the amount in controversy under 28 U.S.C. § 1332, and in entering a finding of no *in personam* jurisdiction over the defendant. For the reasons assigned, we affirm.

## BACKGROUND

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

The law firm of Wilkerson, Tate & Williams, L.L.C ("WTW") contacted Anthony Bouza and contracted for a written expert report for use by WTW in its representation of Nicole Carter in her civil rights suit against two police officers pending in the Eastern District of Louisiana.[1] Prior to trial Carter settled the action for $1 million, and WTW thereafter informed Bouza that his services were no longer necessary. The district court subsequently vacated the consent judgment and new dates and attendant cut-off dates were set for trial. After the Pre-Trial Conference, the defendants in the Carter litigation moved to exclude Bouza's expert testimony, contending that WTW had failed to provide timely a proper expert report. The motion was granted,[2] and at trial the jury returned a verdict in favor of defendants.

Bouza then sought compensation for his services. In June, 1997 he filed suit against WTW in Connecticut State Superior Court, claiming breach of contract. WTW responded by filing a breach of contract suit in the Civil District Court, Orleans Parish, Louisiana. Alleging diversity jurisdiction Bouza removed the action and sought dismissal for lack of *in personam* jurisdiction. WTW sought remand, contending that the amount in controversy did not exceed $75,000. The district court denied the motion to remand and granted Bouza's motion to dismiss for lack of *in personam* jurisdiction. This appeal timely followed.

---

[1] **Carter v. Fenner**, 1994 WL 463908 (E.D.La.).

[2] **Carter v. Fenner**, 1996 WL 426674 (E.D.La.).

**ANALYSIS**

WTW challenges the denial of its motion to remand, contending that the amount in controversy, as averred in its petition, did not exceed $30,000-$50,000. It also challenges the district court's finding of no *in personam* jurisdiction over Bouza, contending that Bouza instigated sufficient contacts with Louisiana by targeting the Louisiana market and entering into the stream of commerce in the expert market. We review *de novo* both the denial of the motion to remand and the granting of the motion to dismiss for lack of *in personam* jurisdiction.[3]

A defendant seeking to remove must demonstrate that the amount in controversy exceeds the jurisdictional amount.[4] We agree with the district court that Bouza clearly showed by a preponderance of the evidence that the amount in controversy was greater than $75,000. WTW averred in its petition that the damages suffered were between $30,000 and $50,000; however, it offered no rationale as to how it reached such an estimate. In addition, WTW left the door open for greater damages when it sought "all special compensatory damages and attorney fees as is deemed reasonable" in its prayer for relief. In light of the vacated $1 million settlement entered into by the parties, it is likely that the compensatory damages in lost attorney fees exceed $75,000.

Once a defendant has shown that the amount in controversy actually exceeds $75,000, as Bouza has done, a plaintiff may defeat removal only by showing that state law prohibits recovery above a certain amount or that there was a pre-trial stipulation

---

[3]**Kelvin Servs. Inc. v. Lexington State Bank**, 46 F.3d 13 (5th Cir. 1995), and **Allen v. R & H Oil and Gas Co.**, 63 F.3d 1326 (5th Cir. 1995).

[4]**De Aguilar v. Boeing Co.**, 47 F.3d 1404 (5th Cir. 1995).

3

to a certain amount of recovery.[5] WTW averred in its petition that "the amount in controversy does not exceed $50,000, but is over $30,000." Louisiana does not limit damage awards to the amount specified in the plaintiff's petition, however, and thus recovery is not automatically limited by such an averment. WTW has failed to show any state law that would limit recovery to less than the jurisdictional amount. Moreover, WTW's averment cannot constitute a "stipulation," as its wording reflects that WTW neither precisely calculated its damages nor bound itself to a specified amount in damages.

The district court also properly found there was no *in personam* jurisdiction over Bouza.[6] To meet a challenge of *in personam* jurisdiction prior to trial, plaintiff need only make a *prima facie* showing, and the allegations of the complaint are taken as true except as controverted by the defendant's affidavit.[7] In light of the uncontroverted assertions in Bouza's affidavit, the district court correctly found that plaintiff failed to make a *prima facie* showing of *in personam* jurisdiction. These assertions reflect that WTW unilaterally contacted Bouza at his home in Minnesota; Bouza never entered the state during the negotiation or performance of the contract in question; Bouza's only contact with Louisiana was correspondence regarding his work

---

[5]**Id.**

[6]It is important to note that the district court addressed the motion to remand before ruling on the motion to dismiss. Our recent decision in **Marathon Oil Co. v. Ruhrgas,** 145 F.3d 211 (5th Cir. 1998) (en banc), requires district courts in removal cases to resolve questions of subject matter jurisdiction before other questions of jurisdiction. This was correctly done here.

[7]**Asarco, Inc. v. Glenara, Ltd.**, 912 F.2d 784 (5th Cir. 1990).

under the contract; Bouza maintains no office, bank account, telephone line or mailing address in Louisiana; Bouza did not advertise or actively seek business in the state of Louisiana. A fortuitous contract with a resident of Louisiana is insufficient to establish *in personam* jurisdiction.[8]  Because Bouza lacks the requisite minimum contacts, exercise of jurisdiction over him would offend "traditional notions of fair play and substantial justice."[9]

The judgment appealed is AFFIRMED.

---

[8]**Holt Oil & Gas Corp. v. Harvey**, 801 F.2d 773 (5th Cir. 1986).

[9]**International Shoe Co. v. Washington**, 326 U.S. 310, 316 (1945).